DEVIN M. SENELICK (State Bar No. 221478)
E-Mail: dsenelick@health-law.com
JONATHAN H. SHIN (State Bar No. 287602)
E-Mail: jshin@health-law.com
BRIDGET A. GORDON (State Bar No. 287098)
E-Mail: bgordon@health-law.com
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181

Attorneys for Cedars-Sinai Medical Center

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CEDARS-SINAI MEDICAL CENTER, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE EMBASSY OF THE STATE OF KUWAIT; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1) Breach of Contract**<br>**2) Breach of Contract – Implied-in-Fact Agreements**<br>**3) Breach of Implied-in-Law Contract / Unjust Enrichment**<br>**4) Quantum Meruit**<br>**5) Promissory Estoppel** |

Plaintiff Cedars-Sinai Medical Center ("Cedars-Sinai") brings this Complaint against the Embassy of the State of Kuwait ("Embassy") on the following grounds:

1. Cedars-Sinai brings this lawsuit for breach of contract and other claims under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1391(f), and 1602-11. Cedars-Sinai seeks to enforce a series of agreements (the "Agreements") between Cedars-Sinai and the Embassy (collectively, the "Parties"). Pursuant to the Agreements, Cedars-Sinai provided medically necessary healthcare services to Kuwaiti citizens while they were present in the United States. In return, the Embassy agreed to pay Cedars-Sinai a certain discounted amount of Cedars-Sinai's billed charges. However, the Embassy has failed to make those payments.

2. Cedars-Sinai has made repeated attempts to obtain proper payment for these healthcare services, but to no avail. The Embassy has ceased paying for any of Cedars-Sinai's bills. Accordingly, Cedars-Sinai seeks damages and interest for the unpaid amounts.

## PARTIES

3. Cedars-Sinai, located in Los Angeles, California, is one of the largest nonprofit academic medical centers in the United States. with 886 licensed beds, 2,100 physicians, 2,800 nurses and thousands of other healthcare professionals and staff. Clinical programs range from primary care for preventing, diagnosing and treating common conditions to specialized treatments for rare, complex and advanced illnesses.

4. Cedars-Sinai has consistently been named one of America's Best Hospitals by U.S. News & World Report, has received the National Research Corporation's Consumer Choice Award 18 years in a row for providing the highest quality medical care in Los Angeles, and has the longest running Magnet designation for nursing excellence in California.

5. Cedars-Sinai is a leader in the clinical care and research of heart disease, cancer and brain disorders, among other areas. Pioneering research

achievements include using cardiac stem cells to repair damaged hearts, developing minimally invasive surgical techniques and discovering new types of drugs to target cancer more precisely.

6. Cedars-Sinai is informed and believes that Defendant the Embassy is the diplomatic mission of the State of Kuwait to the United States. Cedars-Sinai is informed and believes that the State of Kuwait has provided free universal healthcare to its citizens since 1950, and routinely arranges and pays for the healthcare services its citizens require in other countries, including the United States, and specifically at Cedars-Sinai. The Health Division of the Embassy, located in Washington, D.C., acts as a *de facto* health benefits administrator to Kuwaiti nationals who require services in the United States. The Embassy's Health Division engages in activities similar to any other health insurance provider, which includes arranging and paying for medical services. The Embassy is a "foreign state" under the FSIA. 28 U.S.C. § 1603(a).

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a). The Embassy is not immune from jurisdiction because, *inter alia*: (1) it has waived immunity (28 U.S.C. § 1605(a)(1)); and (2) this action is "based upon a commercial activity carried on in the United States by a foreign state" (28 U.S.C. § 1605(a)(2)).

## VENUE

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(f)(1) because it is where a substantial part of the events and omissions giving rise to the claims alleged in the Complaint occurred.

## NATURE OF THE DISPUTE

9. For many years, the Embassy has periodically negotiated and entered into Agreements with Cedars-Sinai to provide healthcare services at its facility in Los Angeles, California, to Kuwaiti nationals. The Embassy agreed to pay to

Cedars-Sinai for these services at a certain discounted amount of Cedars-Sinai's billed charges. Until recently, the Embassy has paid Cedars-Sinai's at the agreed-upon amounts over the longstanding course of conduct between the Parties.

10. This action arises out of a series of Agreements covering a number of the Embassy's patients who received health care services from Cedars-Sinai at the Embassy's request. Despite the fact that Cedars-Sinai provided medically necessary health care services to Kuwaiti nationals at the Embassy's request, and for which the Embassy agreed to be financially responsible, the Embassy has failed to provide proper payments for these services.

11. Cedars-Sinai provided services to the patients under the Agreements, which were in writing. The Agreements contained a standardized set of terms, and included a heading with specific information regarding the patient at issue, such as name, date of birth, covered treatment, and covered period. The "Covered Period" was set for a certain length of time. However, subsequent extensions of the Agreements were often entered into for the same patient to extend the length of time during which treatment for the patient would be covered by the Embassy.

12. At the request of the Embassy's Chief Financial Officer, Cedars-Sinai participated in an in-person meeting with the Embassy in Washington, D.C. on June 8, 2017 (the "Meeting"). At the Meeting, as requested, Cedars-Sinai provided the original documents for all of the bills for the patients then at issue (two of whom received transplants) with dates of service through April 2017, including details of all charges. At that time, the billed charges for services which remained unpaid totaled more than $9 million. Those unpaid bills, reflecting the agreed upon discount, totaled more than $6.3 million.

13. Following the Meeting, the Embassy still refused to remit payment to Cedars-Sinai for the healthcare services.

14. Since the Meeting, additional bills have accrued. At this time, there remains a total due and owing from the Embassy to Cedars-Sinai of over $9 million.

15. Cedars-Sinai and its counsel sent additional letters demanding immediate payment of the outstanding amounts. The Embassy never responded to the requests for payment outlined in these letters.

16. Cedars-Sinai has provided the Embassy with a spreadsheet containing the details of all outstanding bills.

17. Additional amounts continue to accrue on a daily basis, as the Embassy's patients continue to receive healthcare services from Cedars-Sinai.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

18. Cedars-Sinai incorporates each of the paragraphs above as though fully set forth herein.

19. The Agreements are valid and binding contracts between Cedars-Sinai and the Embassy for the provision of healthcare services by Cedars-Sinai in return for payment by the Embassy.

20. Cedars-Sinai performed its obligations under the Agreements, except as excused by the Embassy's conduct.

21. The Embassy materially breached the Agreements by failing to pay Cedars-Sinai in accordance with the terms set forth in the Agreements.

22. Cedars-Sinai has been and continues to be injured as a result of the Embassy's breach.

23. As a direct and proximate result of the Embassy's breaches of the Agreements, Cedars-Sinai has suffered damages in an amount to be proven at trial, plus interest at the maximum contractual and/or statutory rate, according to proof.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Implied-In-Fact Agreements)

24. Cedars-Sinai incorporates each of the paragraphs above as though fully set forth herein.

25. In the alternative, if for any reason the Agreements do not apply or are unenforceable, the services provided by Cedars-Sinai were valuable to the Embassy since these services conferred a benefit to the patients at the Embassy's request.

26. Based on the Parties' longstanding course of conduct, the Embassy was on notice and knew Cedars-Sinai expected the Embassy to pay Cedars-Sinai for the services provided.

27. Cedars-Sinai materially performed its obligations under the implied-in-fact agreements, including providing healthcare services to the Embassy's patients, except as excused by the Embassy's conduct.

28. The Embassy materially breached the Implied-In-Fact Agreements by failing to pay Cedars-Sinai for the healthcare services provided.

29. As a direct and proximate result of the Embassy's breaches of the Implied-In-Fact Agreements, Cedars-Sinai has suffered damages in an amount to be proven at trial, plus interest at the maximum rate, according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Law Contract / Unjust Enrichment)

30. Cedars-Sinai incorporates each of the paragraphs above as though fully set forth herein.

31. In the alternative, if for any reason the Agreements do not apply or are unenforceable, the services provided by Cedars-Sinai were valuable to the Embassy since these services conferred a benefit to the patients at the Embassy's request.

32. In providing services to Kuwaiti patients, Cedars-Sinai conferred a valuable benefit to those patients and thereby to the Embassy, which requested the services on behalf of its citizens.

33. Based on the Parties' longstanding course of conduct and based on Cedars-Sinai's efforts to notify the Embassy of the outstanding claims, the Embassy was on notice and knew that Cedars-Sinai expected the Embassy to pay Cedars-Sinai for the healthcare services provided.

34. In failing to pay for the healthcare services, the Embassy retained a benefit for which it has not paid. It would be inequitable for the Embassy to receive the benefit of the services it requested on behalf of Kuwaiti nationals without paying for the full value of those services.

35. The Embassy has been unjustly enriched at Cedars-Sinai's expense. As a result, the Embassy now owes Cedars-Sinai the full value of its services, in an amount to be proven at trial for the services, plus interest at the maximum legal rate, according to proof.

## FOURTH CAUSE OF ACTION

### (Quantum Meruit)

36. Cedars-Sinai incorporates each of the paragraphs above as though fully set forth herein.

37. The services provided by Cedars-Sinai to the Kuwaiti citizens referenced above were valuable to the Embassy since these services conferred a benefit to the patients at the Embassy's request.

38. Based on the Parties' longstanding course of conduct, the Embassy was on notice and knew that Cedars-Sinai expected the Embassy to pay for the healthcare services provided to the Embassy's patients.

39. The services conferred a benefit upon the Embassy which it accepted in the discharge of its obligation to arrange and pay for healthcare services required by Kuwaiti citizens.

40. Cedars-Sinai has been and continues to be damaged in an amount to be proven at trial for the healthcare services to the Kuwaiti citizens described above. Additional damages continue to accrue daily.

41. The Embassy cannot justify its retention of the benefit conferred upon it without compensating Cedars-Sinai.

42. As a result, the Embassy now owes Cedars-Sinai an amount to be proven at trial, plus interest at the maximum legal rate, according to proof.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

## FIFTH CAUSE OF ACTION

### (Promissory Estoppel)

43. Cedars-Sinai incorporates each of the paragraphs above as though fully set forth herein.

44. The Embassy promised to pay Cedars-Sinai for its services rendered to Kuwaiti citizens.

45. The Embassy should have reasonably expected its promises would induce Cedars-Sinai to provide services to the patients identified above.

46. In reliance upon the promises from the Embassy, Cedars-Sinai was induced to and did provide healthcare services to its detriment since it has not been paid for these services.

47. Injustice can only be avoided by enforcing the Embassy's promises to pay for the healthcare services at Cedars-Sinai's billed charges in an amount to be proven at trial, plus interest at the maximum legal rate, according to proof.

WHEREFORE, Cedars-Sinai prays for relief as follows:

1. Judgment in an amount to be proven at trial, plus interest at the maximum rate, according to proof;

2. Attorneys' fees and costs to the extent allowable by law; and

3. Such other relief as may be just and proper.

Dated: September 13, 2017         HOOPER, LUNDY & BOOKMAN, P.C.

By: _____
DEVIN M. SENELICK
Attorneys for Cedars-Sinai Medical Center