DEVIN M. SENELICK (State Bar No. 221478)
E-Mail: dsenelick@health-law.com
JONATHAN H. SHIN (State Bar No. 287602)
E-Mail: jshin@health-law.com
BRIDGET A. GORDON (State Bar No. 287098)
E-Mail: bgordon@health-law.com
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181

Attorneys for Cedars-Sinai Medical Center

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CEDARS-SINAI MEDICAL CENTER, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE EMBASSY OF THE STATE OF KUWAIT; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-06752 PA (AFMx)<br><br>**DECLARATION OF BRIDGET A. GORDON, ESQ. IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>The Hon. Percy Anderson<br><br>Trial Date: None Set |

I, Bridget A. Gordon, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am an attorney with the law firm of Hooper, Lundy & Bookman, P.C., counsel of record for Cedars-Sinai Medical Center ("Cedars-Sinai") in this action. The facts stated herein are personally known to me, and if called as a witness I could and would competently testify to them.

2. Cedars-Sinai filed its Complaint in this matter on September 13, 2017, against The Embassy of the State of Kuwait (the "Embassy").

3. The Embassy is a diplomatic mission of the State of Kuwait to the United States. The Embassy is a "foreign state" under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1391(f), and 1620-11, specifically per § 1603(a).

4. Thus, the Embassy is subject to service of process pursuant to the requirements set forth in the Hague Convention. 20 U.S.T. 361; T.I.A.S. No. 6638; 28 U.S.C.A. (App. following FRCP 4); 16 I.L.M. 1339 (1977).

5. Federal Rule of Civil Procedure 4(m) exempts service in a foreign country from the normal requirements that a summons and complaint be served within 120 days after commencing the action.

6. Cedars-Sinai is in the process of making diligent attempts to effect service upon the Embassy.

7. Upon filing the Complaint, on September 13, 2017, counsel for Cedars-Sinai retained Crowe Foreign Services ("Crowe"), 1020 SW Taylor Street, Suite 240, Portland, OR 97205. Crowe is a company specializing in foreign service of process, and was hired to assist Cedars-Sinai in serving the Embassy in this matter.

8. On September 20, 2017, once counsel had received the signed summons, we provided that document, as well as the other documents received in response to the filing of the Complaint to Crowe to ensure all necessary translations and service could be completed.

9. On October 2, 2017, counsel for Cedars-Sinai followed up with Crowe to determine the status of effectuating service of process. Crowe informed us that translation of the necessary documents was still in process.

10. On October 10, 2017, counsel for Cedars-Sinai again followed up with Crowe to determine the status of effectuating service of process. Crowe informed us that the translation of the documents was in final review, and that the documents

would likely go to the Embassy by Friday of that week.

11. On October 17, 2017, counsel for Cedars-Sinai followed up with Crowe to ensure the documents had gone out to the Embassy. Crowe informed us that there had been a slight delay in the translation, in that a few corrections needed to be made, but that the documents would go out to the Embassy the following day.

12. On October 25, 2017, counsel for Cedars-Sinai followed up with Crowe again on the status of the service of process. Crowe indicated that the documents were sent to the Embassy on October 18, 2017. UPS confirmed to Crowe that the request for service had been received and signed for by the office of the Ministry of Justice in Safat on October 23, 2017. Crowe also informed us that once service has been completed, it generally takes about three to four months for the paperwork to be returned to either Crowe, counsel, or to the court in which the case is pending.

13. On November 29, 2017, counsel for Cedars-Sinai again followed up with Crowe to determine the status of the service of process. Crowe responded that the service of process was still in progress and that Crowe was awaiting the Kuwaiti authorities to issue and return a Hague proof of service certificate.

14. On January 10, 2018, counsel for Cedars-Sinai again followed up with Crowe to determine the status of the service of process. The Affidavit of Celeste Ingalls, an employee of Crowe who is personally involved in the service of process in this matter, is attached hereto as Exhibit A and incorporated herewith, which explains the status of service of process upon the Embassy.

Dated: January 12, 2018         HOOPER, LUNDY & BOOKMAN, P.C.

By: _____/s/_____
BRIDGET A. GORDON
Attorneys for Cedars-Sinai Medical Center

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CEDARS-SINAI MEDICAL CENTER, a California non-profit public benefit corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>THE EMBASSY OF THE STATE OF KUWAIT; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. 2:17-CV-06752 |

## AFFIDAVIT OF CELESTE INGALLS

I declare that I, Celeste Ingalls, am a citizen of the United States, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

    1.    I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and have specialized in the service of civil process in foreign countries for more than 21 years; and

    2.    I have lectured to state/county bar, and other professional, associations on the mechanics and requirements of process service in foreign countries; and

    3.    Since 2003, I have attended, at special invitation as a private expert, all Special Administrative Sessions of the Hague Conference in The Hague, Netherlands, at which each signatory country was represented by their respective Judicial Authorities to discuss the practical mechanics of, and problems encountered in dealing with, the Hague Service Convention and the Hague Evidence Convention as they apply to each country's

laws and interpretations of the Convention and its obligations; and

4.    I have participated (at invitation) with the Hague Administration in a "training" session with the Kuwait Ministry of Justice, presided over by the Hague Administration and attended by top level Mexican Federal and State judges, to provide guidance to Kuwait's judicial system regarding their practical obligations with respect to service under the provisions of the Hague Service Convention; and

5.    In accordance with Title 28 U.S.C., §1608(a)(2), (FSIA), service upon a Foreign State, or Agency of a Foreign State, shall be effected in accordance with an applicable international convention on service of judicial documents; and

6.    The United States and Kuwait are signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at the Hague, November 15, 1965, (Hague Service Convention); and

7.    The Ministry of Foreign Affairs in Kuwait City, Kuwait has been designated as the only entity authorized (Central Authority) to receive and effect service of judicial documents from US Courts in accordance with the Hague Service Convention; and

8.    On October 18, 2017, I forwarded the Summons in a Civil Action, Complaint, Civil Cover Sheet, Notice of Interested Parties, Notice of Assignment to United States Judges, Notice to Parties of Court-Directed ADR Program, Standing Order, FSIA Notice of Suit, with Attachment, and Arabic translations of all, in the above titled case to the Central Authority for Kuwait to be served upon **The Embassy of the State of Kuwait** in accordance with the Hague Service Convention; and

9.    No signatory nation is obligated under the Hague Service Convention to

provide status with respect to service of documents in its possession; and

10. There is no obligatory time frame for service under the FSIA and nations signatory to the Hague Service Convention are under no obligation to effect service within any specified time frame; and

11. Recently, services times have taken approximately 4 to 6 months from the time the documents are received by the Central Authority for Kuwait and have proof documentation returned to us. However, service upon government agencies can take longer because they must be reviewed by the government for possible sovereignty issues before being served.

*Celeste Ingalls*
_____

Affiavit of Celeste Ingalls                                                                                                                  Page 3 of 2
Re: Service upon The Embassy of the State of Kuwait

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 1600, Los Angeles, CA 90067-2517.

On January 12, 2018, I served true copies of the following document(s) described as **DECLARATION OF BRIDGET A. GORDON, ESQ. IN RESPONSE TO ORDER TO SHOW CAUSE** on the interested parties in this action as follows:

Embassy of the State of Kuwait – Health Division
4301 Conneticut Avenue, N.W. Suite 330
Washington, D.C. 20008
Attn: Joseph Naffa, Esq., Legal Counsel

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hooper, Lundy & Bookman, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2018, at Los Angeles, California.

/s/
Devin M. Senelick

4
DECLARATION OF BRIDGET A. GORDON, ESQ. IN RESPONSE TO ORDER TO SHOW CAUSE